IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Ranger American of Puerto Rico, LLC, Ranger American Armored Services, LLC, & Ranger American Trademarks, LLC** <br> *Plaintiffs* <br><br> **v.** <br><br> **Ranger Guard Services PR Corporation, Alexis Rodríguez Rivera, Jane Doe, and the Conjugal Partnership composed by Alexis Rodríguez Rivera and Jane Doe** <br> *Defendants* | Civ. No. <br><br> **PRELIMINARY INJUNCTION PETITION AND DAMAGES FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AND TRADEMARK DILUTION UNDER THE PUERTO RICO TRADEMARKS ACT** <br><br> **(JURY TRIAL DEMANDED)** |

**VERIFIED COMPLAINT WITH PRELIMINARY <br> *INJUNCTION* PETITION**

**TO THE HONORABLE COURT:**

COMES NOW Plaintiffs Ranger American of Puerto Rico, LLC, Ranger American Armored Services, LLC, and Ranger American Trademarks, LLC (hereinafter referred together as "**Ranger American**", and/or "Plaintiffs"), through the undersigned attorneys, and respectfully states and prays as follows:

## I.    INTRODUCTION

Ranger American is considered the most experienced full service integrated security provider in Puerto Rico. This is an action for infringement of Plaintiffs' famous federally and state registered RANGER AMERICAN trademarks under Section 32(1) of the Lanham Act, 15 U.S.C.A. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a), and for substantial and related claims of trademark infringement, false designation of origin and dilution by blurring of famous marks, under the

1

Articles 26, 27(a) and 28 of the Puerto Rico Trademarks Act[1], *as amended*, P.R. Laws Ann. tit. 10 §§ 223w, 223x(a) and 223y(a), respectively.

This action arises out of Defendants' use of the infringing mark "RANGER GUARD SERVICE" to offer private security services in Puerto Rico. By this action, Plaintiffs seek preliminary and permanent injunctions under Sections 34 of the Lanham Act, 15 U.S.C.A. §1116, damages and costs under Section 35 of the Lanham Act, 15 U.S.C.A. §1117, and injunctive and monetary relief (actual damages or statutory damages) with costs and attorney's fees pursuant to Article 26 of the Puerto Rico Trademark Act, *supra*. Three Unsworn Statements under Penalty of Perjury executed by Plaintiffs' representative are attached hereto as **Exhibit 1** verifying the allegations made herein.

## II.    JURISDICTION, VENUE AND JURY DEMAND

1. This District Court for the District of Puerto Rico has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C.A. §1331 (federal question) because the claims for relief asserted in this case arise under federal law, the *Trademark Act of 1946*, 15 U.S.C.A. §§1051 *et seq.* (*known as the* "Lanham Act"), specifically under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C.A. §§ 1114(1) and 1125(a).

2. Also, this Court has original jurisdiction of all actions arising under the Lanham Act pursuant Section 39 of the Lanham Act, 15 U.S.C.A. § 1121, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties, and pursuant 28 U.S.C.A. §1338(a) (*acts of Congress relating to trademarks*), and §1338(b) (*pendent unfair competition claims*).

---

[1] Puerto Rico Law Number 169 enacted the 16th of December 2009, *as amended*, known as the "Puerto Rico Trademark Act", 10 L.P.R.A. §§ 223 *et seq.*

3. This Court has supplemental jurisdiction pursuant 28 U.S.C.A. §1367, since the federal and the Puerto Rico claims asserted in this Complaint are so interrelated as to form part of the same case and controversy and derive from a common nucleus of operative facts. It is requested that the United States District Court for the District of Puerto Rico assume supplemental jurisdiction over the claims asserted herein under the Puerto Rico Trademark Act, as they are so interrelated as to form part of the same nucleus of operative facts intimately related and parallel to the federal trademark infringement claims.

4. Venue is proper in this district under 28 U.S.C.A. §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

5. Pursuant to the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury as to all the issues and claims for damages asserted herein.

### III.　PARTIES

6. Plaintiff, RANGER AMERICAN OF PUERTO RICO, LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located at 605 Calle Lodi, Villa Capri, Ave. 65 Infanteria, San Juan, Puerto Rico 00924. Plaintiff's phone number and email are (787)999-6060 and info@rangeramerican.com. For more than 40 years, Ranger American of Puerto Rico, LLC offers private security services and other related services throughout Puerto Rico under the RANGER AMERICAN service marks.

7. Plaintiff, RANGER AMERICAN ARMORED SERVICES, LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Puerto

Rico, with its principal place of business located at 605 Calle Lodi, Villa Capri, Ave. 65 Infanteria, San Juan, Puerto Rico 00924. Plaintiff's phone number and email are (787)999-6060 and info@rangeramerican.com. For almost 30 years, Ranger American Armored Services, LLC offers armored transportation services and other related services throughout Puerto Rico under the RANGER AMERICAN service marks.

8. Plaintiff, RANGER AMERICAN TRADEMARKS, LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located at 605 Calle Lodi, Villa Capri, Ave. 65 Infanteria, San Juan, Puerto Rico 00924. Plaintiff's phone number and email are (787)999-6060 and info@rangeramerican.com. Ranger American Trademarks, LLC is the principal registrant and owner of the RANGER AMERICAN service marks.

9. RANGER AMERICAN OF PUERTO RICO, LLC, RANGER AMERICAN ARMORED SERVICES, LLC and RANGER AMERICAN TRADEMARKS, LLC (hereinafter collectively "Plaintiffs" or "Ranger American") are related companies and operate the Ranger American business together providing security and armored services.

10. Defendant **Alexis Rodríguez Rivera** (hereinafter "Mr. Rodríguez" or "Defendant") is an individual who, for information and belief, resides in Villa Hilda Urbanization in Yabucoa, Puerto Rico 00767. Upon information and belief, Defendant Mr. Alexis Rodriguez Rivera offers private security services throughout Puerto Rico using the infringing mark "RANGER GUARD SERVICE".

11. Defendant **Ranger Guard Services PR Corporation**, (hereinafter "Ranger Guard Services" or "co-defendant") is a corporation duly organized and existing under the laws of Puerto Rico, with its principal place of business located at Villa Hilda Urbanization, Yabucoa, Puerto Rico, 00767. Mr. Alexis Rodriguez Rivera is the president and resident

agent of Ranger Guard Services, offering private security services throughout Puerto Rico under the trademark "RANGER GUARD SERVICE". The postal address of Ranger Guard Services is HC 2 BOX 11764, Humacao, PR, 00791.

12. Jane Doe and the Conjugal Partnership composed by Alexis Rodríguez Rivera and Jane Doe are unknown parties whose names were unknown at the time and who may also be responsible to Ranger American for the damages set forth in this Complaint.

## IV.   FACTS COMMON TO ALL CAUSES OF ACTION

13. Ranger American is a Puerto Rican business with more than 40 years of experience in providing private security services, electronic security services, armed truck transportation services and technical equipment services offered to both private and commercial consumers under Plaintiffs' RANGER AMERICAN trademarks (as detailed below).

14. Currently, Ranger American employs over two thousand (2,000) employees and services more than a thousand (1,000) private and commercial facilities in Puerto Rico. It also operates more than eighty (80) armed trucks and vehicles for its armed officers on the island. Ranger American has branches in San Juan, Arecibo and Mayaguez.

15. Ranger American is the owner of multiple valid and subsisting registrations in the United States Patent and Trademark Office (hereinafter "USPTO") and the Puerto Rico Trademarks Registry (hereinafter "PRTO") for the following trademarks for security services in international class 45 as follows:

(a) **RANGER AMERICAN** (*standard character mark*) for security services under Class 35, USPTO Registration No. 6945430. See Exhibit 2.

(b) **RANGER AMERICAN** (*standard character mark*) for security services under Class 35, PRTO Registration No. 234136. See Exhibit 3.

(c) (*design mark*) for security services under Class 35, USPTO Registration No. 6932971. See Exhibit 4.

(d) (*design mark*) for security services under Class 35, PRTO Registration No. 214364. See Exhibits 5 and 6.

16. Ranger American Armored Services, LLC is the owner of multiple valid and subsisting registrations in the USPTO and the PRTO for the following trademarks for armored vehicle transport for cash and valuables in international class 39 as follows:

(e) **RANGER AMERICAN ARMORED SERVICES** (*standard character mark*) for armored vehicle transport for cash and valuables in international class 39, USPTO Registration No. 6938530. See Exhibit 7.

(f) **RANGER AMERICAN ARMORED SERVICES** (*standard character mark*) for armored vehicle transport for cash and valuables in international class 39, PRTO Registration No. 234135. See Exhibit 8.

(g) (*design mark*) for armored vehicle transport for cash and valuables in international class 39, PRTO Registration No. 215255. See Exhibits 9 and 10.

17. Ranger American Trademarks, LLC is the owner of the valid and subsisting registration in the USPTO for the trademark **RANGER AMERICAN OF THE V.I.** (*standard character mark*) for security services in class 45, USPTO Registration No. 7021496. See Exhibit 11.

18. Ranger American has used and is still using, with exclusivity, the **RANGER AMERICAN**

trademark and its design marks  , throughout the United States and

Puerto Rico, continuously since at least **April 2, 1982,** in connection with the marketing,

advertising, and promotion of security services. See Exhibit 12.

19. Ranger American Trademarks, LLC is the current owner of record of the RANGER

AMERICAN trademarks, and it has issued licensing agreements in favor of its two

related operating companies.

20. Ranger American has used and is still using, with exclusivity, the **RANGER AMERICAN**

**ARMORED SERVICES** mark and its design mark since at least **July 1, 1997,** in

connection with the marketing, advertising, and promotion of armored and related

services. See Exhibit 13.

21. Plaintiffs have been continuously and exclusively using the RANGER AMERICAN

trademarks in Puerto Rico since, at least, April 2, 1982. Therefore, Plaintiffs have

exclusive rights to use the RANGER AMERICAN trademarks in connection to private

security services and armored services.

22. As a result of the widespread, continuous, and exclusive use of the above trademarks to

identify Ranger American as the source of the private security services and armed truck

transportation services it provides, Plaintiffs have invested substantial time, money, and

resources in the marketing, advertising, and promotion of its private security services and

armed truck transportation services offered under the RANGER AMERICAN

trademarks.

23. Their advertising and marketing efforts are focused on social media platforms like

Facebook and Instagram, local radio, personalized in-business and in private residences

7

consultations and job fairs. The annual amount that Ranger American spends in these efforts is over one hundred thousand ($100,000.00) dollars.

24. As a result of Plaintiffs' advertising and promotion of the services its offers under its RANGER AMERICAN trademarks as described above, and as a result of the widespread use and acceptance of the services by the public, the services have come to be, and now are, well and favorably known to the public under the RANGER AMERICAN trademarks, and all of them have become distinctive for Plaintiffs' services offered in commerce in Puerto Rico and the United States.

25. The RANGER AMERICAN trademarks have become distinctive symbols of source, which stand for the quality and reputation of Plaintiffs' services. Accordingly, the RANGER AMERICAN trademarks have built up secondary meaning, a substantial commercial reputation and incalculable associated goodwill that makes these trademarks well-known and famous, giving them an added brand value that belongs exclusively to the Plaintiffs.

26. The RANGER AMERICAN trademarks are famous trademark within the meaning of Article 28 of the Puerto Rico Trademark Act (10 L.P.R.A. 223y(b)) and became famous prior to the acts of the Defendants alleged hereinafter.

27. On January 15, 2026, Plaintiffs learned that defendant Mr. Alexis Rodriguez, by himself and using co-defendant Ranger Guard Services PR Corporation, has been marketing his security services using an infringing trademark named "RANGER GUARD SERVICE", as he published on January 8, 2026, a publication using his personal Facebook account. In the publication, Mr. Alexis Rodriguez offers security services to the public, using a mark that integrates the element "RANGER", in clear violation of Plaintiffs' trademark rights. Attached hereto as Exhibit 14 is a printout of the Facebook publication mentioned herein.

28. The mark "RANGER GUARD SERVICE" is confusingly similar to RANGER AMERICAN trademarks in appearance, sound, sight, and connotation creating a commercial impression extremely similar to the RANGER AMERICAN trademarks. Moreover, the services offered are of the same nature, specifically private security services.

29. On February 2, 2026, Plaintiff sent a demand letter to the defendants requesting the cease and desist its use of the infringing mark "RANGER GUARD SERVICE", as it incorporates the word "ranger" causing confusion or mistake among consumers with the clear intent of appropriating Plaintiffs' goodwill. Attached hereto as Exhibit 15 is a copy of the demand letter.

30. On the same day, defendant Mr. Alexis Rodriguez sent a response to Plaintiff's demand letter denying Plaintiff's allegations and trademark claims and demanded Plaintiff to produce conclusive evidence of actual consumer confusion. Attached hereto as Exhibit 16 is a copy of the defendant's response letter.

31. On February 10, 2026, Plaintiff replied to Defendant's response letter dated February 2, 2026, restating its prior cease and desist request and trademark claims incorporating them by reference. Attached hereto as Exhibit 17 is a copy of the Plaintiff's reply letter.

32. On the same day, Mr. Alexis Rodriguez called the undersigned counsel's office to discuss the first written demand letter sent to him and his company. However, the undersigned counsel was not available at the time.

33. Following that call, the undersigned counsel sent emails to Mr. Alexis Rodriguez on February 10, 12 and 19, 2026, but he did not respond. Attached hereto as Exhibit 18 is a copy of the chain of emails sent.

34. In addition, the undersigned counsel tried to talk to Mr. Rodriguez on the phone on several occasions in the period from February 10 to February 23, 2026, with no avail.

35. On February 24, 2026, Plaintiff sent Defendants a second demand letter. Attached hereto as Exhibit 19 is a copy of the Plaintiff's second demand letter.

36. Plaintiff did not receive any response from the defendants to the second demand letter.

37. Disregarding Plaintiffs' priority rights over the use of the element "RANGER" in connection to private security services, upon information and belief, the Defendants are at this time still using the infringing mark, RANGER GUARD SERVICE, to offer private security services in Puerto Rico.

38. Defendants have incorporated in their own trademark the most distinctive element in Plaintiffs' RANGER AMERICAN marks, namely, the word "RANGER".

39. Defendants had advertised and, upon information and belief, are currently advertising their security services in social media using the infringing mark RANGER GUARD SERVICE.

40. Defendants' use of the RANGER GUARD SERVICE trademark in connection with Defendant's services is likely to cause confusion, mistake or deceive consumers as to the source of origin of such services.

41. Defendants' adoption of the infringing mark is intended to capitalize on the fame, visibility, commercial impression and consumer recognition of the RANGER AMERICAN marks in order to make their services seem offered, sponsored, affiliated or somehow associated to Plaintiffs, giving them an appeal that those services would not have otherwise.

42. In view of the fame and substantial goodwill of the RANGER AMERICAN trademarks, members of the trade and public are likely to believe that infringing mark RANGER GUARD SERVICE is either sponsored, approved by, or affiliated to the Plaintiffs.

43. Also, Defendants' use of their infringing mark, RANGER GUARD SERVICE, diminishes and blurs the goodwill of the RANGER AMERICAN trademark, and weakens the identifying qualities of the RANGER element in it.

44. Defendants use the infringing mark, RANGER GUARD SERVICE, despite having constructive notice of Plaintiffs' prior rights in the RANGER AMERICAN trademarks. Hence, the Defendants are willfully and deliberately doing it causing confusion among customers and prospective customers, damaging the Plaintiffs, and diluting and blurring their famous trademarks.

45. Upon information and belief, Defendants' services under the infringing mark are offered to the same consumers and through the same channels of trade used by the Plaintiffs to offer their services under the RANGER AMERICAN trademarks. This causes irreparable damage to the Plaintiffs, having no other adequate remedy to protect its intellectual property rights.

46. Unless permanently enjoined, Defendants are and will continue to offer their services with the infringing trademark, thereby resulting in irreparable harm to Plaintiff and its goodwill in its RANGER AMERICAN trademarks.

### V.    FIRST CAUSE OF ACTION: Federal trademark Infringement under Section 32(1) of the Lanham Act

47. Plaintiffs repeat and reallege paragraphs 1 through 46 hereof, as fully set forth herein.

48. Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by the Plaintiffs, or that the Defendants is in some way are affiliated with or sponsored by the

11

Plaintiffs. Defendants' conduct therefore constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)[2].

49. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in the RANGER AMERICAN trademarks and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

50. Defendants' conducts are causing immediate and irreparable harm and injury to the Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

51. Ranger American is entitled to, among other relief, injunctive relief and awards of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34(a) and 35(a) of the Lanham Act, 15 U.S.C.A. §§1116[3], 1117[4], together with prejudgment and post-judgment interest.

---

[2] "(1) Any person who shall, without the consent of the registrant--
(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive. […]"
[3] "(a) Jurisdiction; service; The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order. Any such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction. Any such injunction granted upon hearing, after notice to the

## VI.    SECOND CAUSE OF ACTION: Federal Unfair Competition
## under Section 43(a) of the Lanham Act

52. Plaintiffs repeat and reallege paragraphs 1 through 51 hereof, as fully set forth herein.

53. Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Ranger American, or that Defendants are in some way affiliated with or sponsored by Ranger American.

54. Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, constitutes use of a false designation of origin and misleading description and representation of fact.

55. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with Ranger American.

56. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a)[5].

---

defendant, by any district court of the United States, may be served on the parties against whom such injunction is granted anywhere in the United States where they may be found, and shall be operative and may be enforced by proceedings to punish for contempt, or otherwise, by the court by which such injunction was granted, or by any other United States district court in whose jurisdiction the defendant may be found."

[4] "(a) Profits; damages and costs; attorney fees; When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party."

[5] "(a) Civil action; (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of

57. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58. Ranger American is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34(a) and 35(a) of the Lanham Act, *supra*, together with prejudgment and post-judgment interest.

## VII.   THIRD CAUSE OF ACTION: Trademark Infringement under Article 26 of the Puerto Rico Trademarks Act

59. Plaintiffs repeat and reallege paragraphs 1 through 58 hereof, as fully set forth herein.

60. Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by the Plaintiffs, or that the Defendants is in some way are affiliated with or sponsored by the Plaintiffs. Defendants' conduct therefore constitute trademark infringement in violation of Article 26 of the Puerto Rico Trademarks Act, *as amended*, P.R. Laws Ann. tit. 10 §223w[6].

---

origin, false or misleading description of fact, or false or misleading representation of fact, which-- (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

[6] "Any person who, without the consent of the principal registrant or owner of a mark, reproduces, forges, copies, imitates, uses or attempts to use any mark identical or similar to a mark registered under this chapter, or used in commerce in Puerto Rico before being used by such person, which is likely to cause confusion or deceive as to the origin of the goods or services or as to sponsorship or association, shall be held liable in civil action by the principal

14

61. Ranger American is entitled to, among other relief, injunctive relief and awards of actual damages, or in the alternative, of statutory damages, costs, fees and expenses of the action under Article 26 of the Puerto Rico Trademarks Act, *supra*.

## VIII.    FOURTH CAUSE OF ACTION: False Designation of Origin under Article 27(a) of the Puerto Rico Trademarks Act

62. Plaintiffs repeat and reallege paragraphs 1 through 61 hereof, as fully set forth herein.

63. Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Ranger American, or that Defendants are in some way affiliated with or sponsored by Ranger American. Defendants' conduct as alleged herein constitutes a violation of Article 27(a) of the Puerto Rico Trademarks Act, *as amended*, P.R. Laws Ann. tit. 10 §223x(a)[7].

64. Ranger American is entitled to, among other relief, injunctive relief and awards of actual damages, or in the alternative, of statutory damages, costs, fees and expenses of the action under Articles 26 and 27(a)(3) of the Puerto Rico Trademarks Act, *supra.*

## IX.    FIFTH CAUSE OF ACTION: Dilution by Blurring of Famous Marks under Article 28(a) of the Puerto Rico Trademarks Act

65. Plaintiffs repeat and reallege paragraphs 1 through 64 hereof, as fully set forth herein.

---

registrant or owner and/or the person authorized by the mark owner in writing, any of which may file a lawsuit against such person and request an injunction, a seizure order, an action for damages, and/or any other remedy provided for by law.[…]"

[7] "(a) Any person who, as to goods or services, uses in commerce any word, term, name, symbol, slogan, trade dress, medium, logo, design, color, sound, scent, shape, object or a combination thereof; or any false origin designation; or any false or misleading description of a fact; or any false or misleading representation of a fact, which: (1) Is likely to cause confusion or mislead or deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, source, sponsorship, or approval of his/her goods, services, or commercial activities by another person, or (2) in commercial advertising or in promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his/her or another person's goods, services, or commercial activities, shall be held liable in civil action by any person who was injured as a consequence of such acts. (3) The injured person shall have right to the applicable remedies under § 223w of this title."

15

66. The RANGER AMERICAN trademarks are "famous" marks within the meaning of Article 28(b) of the Puerto Rico Trademarks Act, *as amended*, P.R. Laws Ann. tit. 10 §223y(b)[8].

67. The RANGER AMERICAN trademarks are famous marks and are entitled to protection as such because they have been used continuously and extensively throughout Puerto Rico for more than 44 years and have been the subject of widespread and intensive advertising.

68. In addition, consumers have come to recognize the RANGER AMERICAN trademarks as identifying and distinguishing Plaintiffs' services and their source.

69. Also, the marks are registered with both the United States Patent and Trademark Office and the Puerto Rico Trademark Office, thereby securing Plaintiffs' exclusive and enforceable rights throughout Puerto Rico and the United States.

70. Moreover, Defendants' use of the mark constitutes dilution by blurring under the Puerto Rico Trademark Act, 10 L.P.R.A. § 223y, because the marks are highly similar and prominently share the identical dominant term "RANGER," creating an association that impairs the distinctiveness of Plaintiffs' famous marks.

71. Also, Plaintiffs' RANGER AMERICAN mark is inherently distinctive, has acquired strong secondary meaning through continuous use in Puerto Rico since at least 1982, and has been used substantially exclusively in the relevant industry for decades, making Defendants' recent use an improper encroachment rather than participation in a crowded field.

---

[8] "(b) A mark is famous if it is widely recognized by the general consumer in Puerto Rico, or in a geographic area of Puerto Rico, as the source of the goods or services of the owner of the famous mark. In determining whether a mark is famous, the court may consider the following factors, among others: (1) The duration, extent, and geographic reach of publicity of the mark, and whether publicized by the owner or by third parties; (2) the amount, volume, and geographic extent of sales of the goods or services offered dounder the mark; (3) the extent of recognition of the mark in Puerto Rico, and (4) whether the mark is registered, and if so, in which jurisdictions."

72. In addition, within Puerto Rico's security services market, Plaintiffs' marks enjoy a high degree of recognition, and Defendants' intent to create an association is evident from their adoption of the identical dominant term for identical services and their continued willful use after receiving cease-and-desist letters.

73. Lastly, although actual association is not required, the similarity of the marks and overlap in services make consumer association inevitable, causing the precise harm dilution law seeks to prevent.

74. Accordingly, Defendants' unauthorized use in commerce of the infringing mark, RANGER GUARD SERVICE, constitutes a violation of Article 28 of the Puerto Rico Trademarks Act, *as amended*, P.R. Laws Ann. tit. 10 §223y(a)[9].

75. Upon information and belief, the Defendants had the intention of taking advantage of RANGER AMERICAN's distinctive nature.

76. Ranger American is entitled to, among other relief, injunctive relief and awards of actual damages, or in the alternative, of statutory damages, costs, fees and expenses of the action under Articles 26 and 28(a) of the Puerto Rico Trademarks Act, *supra.*

## X.     SIXTH CAUSE OF ACTION: Federal Preliminary and Permanent Injunction Petition under Section 34(a) of the Lanham Act

77. Plaintiffs repeat and reallege paragraphs 1 through 76 hereof, as fully set forth herein.

78. Pursuant Section 34(a) and of the Lanham Act, Ranger American requests this Court to issue an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and

---

[9] "(a) Any person who, without the consent of the owner of a famous mark uses such mark or a term that is substantially similar thereto in commerce in Puerto Rico, shall be subject to an injunction if the use of such famous mark or substantially similar term is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, even when the goods or services are different, or there is no likelihood of confusion between such marks, or there is no financial injury. In such cases in which the owner of the famous mark further proves that the defendant had the intention of causing dilution of the famous mark or of taking advantage of its distinctive nature, the owner of the famous mark shall also be entitled to the remedies established under § 223w of this title."

assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote private security services bearing the mark infringing mark, RANGER GUARD SERVICE, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Ranger American's trademarks;

b) engaging in any activity that infringes Plaintiffs' rights in its RANGER AMERICAN trademarks;

c) engaging in any activity constituting unfair competition with Ranger American;

d) engaging in any activity that is likely to dilute the distinctiveness of Ranger American's trademarks;

e) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Ranger American, or (ii) Plaintiffs' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with the Defendants;

f) using or authorizing any third party to use, in connection with private security services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Ranger American or tend to do so;

g) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark RANGER GUARD SERVICE, or any other mark that infringes or is likely to be confused with Plaintiffs' RANGER AMERICAN trademarks, or any goods or services of Ranger American, or Ranger American as their source; and

h) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

## XI.    SEVENTH CAUSE OF ACTION: Preliminary and Permanent Injunction Petition under Articles 26 & 28 of the Puerto Rico Trademarks Act

18

79. Plaintiffs repeat and reallege paragraphs 1 through 78 hereof, as fully set forth herein.

80. Pursuant Articles 26 & 28 of the Puerto Rico Trademarks Act, Ranger American request this Court to issue an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote private security services bearing the mark infringing mark, RANGER GUARD SERVICE, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Ranger American's trademarks;

b) engaging in any activity that infringes Plaintiff's rights in its RANGER AMERICAN trademarks;

c) engaging in any activity constituting unfair competition with Ranger American;

d) engaging in any activity that is likely to dilute the distinctiveness of Ranger American's trademarks;

e) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Ranger American, or (ii) Plaintiffs' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with the Defendants;

f) using or authorizing any third party to use, in connection with private security services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Ranger American or tend to do so;

g) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark RANGER GUARD SERVICE, or any other mark that infringes or is likely to be confused with Plaintiffs' RANGER AMERICAN trademarks, or any goods or services of Ranger American, or Ranger American as their source; and

h) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

19

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and request the following relief:

1. A preliminary injunction under Sections 32(1) and 34(a) of the Lanham Act, and/or under Articles 26 & 28 of the Puerto Rico Trademarks Act, as requested herein.

2. An order directing the Defendants to immediately cease all marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark RANGER GUARD SERVICE, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' RANGER AMERICAN trademarks, and to direct all individuals and establishments wherever located in the United States that advertise, promote, sell, or offer for sale Defendants' services to cease forthwith the advertising, promotion, sale, and/or offering for sale of any and all services, advertisements, signs, displays, and other materials featuring or bearing the mark RANGER GUARD SERVICE, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiffs' RANGER AMERICAN trademarks, and to immediately remove them from public access and view.

3. An order directing Defendant, Ranger Guard Services PR Corporation, to amend its Certificate of Incorporation changing its corporate name by eliminating the word "Ranger" from it, at the Registry of Corporations of the Department of State of Puerto Rico.

4.  A order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C.A. §1116(a)), the Defendants to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on the Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which the Defendants had complied therewith.

5.  An award of actual damages, pursuant Section 35(a) of the Lanham Act.

6.  An award of an amount up to three times the number of Plaintiffs' actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C.A. §1117(a)).

7.  An award of actual and/or statutory damages, pursuant Article 26 of the Puerto Rico Trademarks Act for the Plaintiffs.

8.  An order directing the Defendants to account to and pay over to the Plaintiffs all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, enhanced as appropriate to compensate Ranger American for the damages caused thereby.

9.  A permanent injunction under Section 34(a) of the Lanham Act, and/or under Articles 26 & 28 of the Puerto Rico Trademarks Act, as requested herein.

10. An order declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding the Plaintiffs its costs and reasonable attorneys' fees thereunder.

11. An award of costs of the action and reasonable attorneys' fees, under Article 26 of the Puerto Rico Trademarks Act.

12. An award of interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Any such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by the Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Ranger American or constitute or are connected with Plaintiffs' services.

**WHEREFORE**, Plaintiffs respectfully pray to this Honorable Court to grant it the remedies as stated on its Prayer for Relief, and to provide any other relief that it deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of May 2026.

**HOGLUND & PAMIAS, PSC**
256 Eleanor Roosevelt Street
San Juan, Puerto Rico 00918
Telephone: 787-772-9200/9834
Fax: 787-772-9533

*Attorneys for Plaintiffs*

| /s/ Samuel F. Pamias Portalatin | /s/ Marisol Ortiz Sotomayor |
|:---:|:---:|
| Samuel F. Pamias-Portalatin | Marisol Ortiz-Sotomayor |
| USDC No. 220309 | USDC No. 302705 |
| samuel@hhoglund.com | marisol@hhoglund.com |

22